UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LOY, <br>    Plaintiff, <br> <br> vs. <br> <br> GREGG SCOTT, et al., <br>    Defendant | No. 19-4226 |

CASE MANAGEMENT ORDER

The pro se Plaintiff is detained in the Rushville Treatment and Detention Center and seeks leave to proceed *in forma pauperis* (IFP). [3]. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding IFP "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed IFP only if the allegations state a federal claim for relief.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff claims his constitutional rights were violated at Rushville Treatment and Detention Center by Program Director Greg Scott, Grievance Examiner P. Vincent, Grievance Examiner Sandra Simpson, Program Administrator Sharon Coleman Weems, Secretary Grace B. Hou, and unspecified Jane and John Does.

Plaintiff says on June 8, 2019, he fell off the top of a bunk bed hitting his head on a box. Plaintiff suffered a cut to his head and injuries to his left knee, hip, and arm. As a result, Plaintiff suffers with constant pain in his left arm and forehead. Plaintiff also claims he is "showing signs of post- traumatic stress disorder, nightmares, panic attacks, elevated blood pressure, weight loss, and the sound of static electricity in left ear." (Comp., p. 4). Plaintiff does not indicate whether he sought or received medical care after the fall.

Plaintiff says because of his age and "physical disability," he should never have been assigned to a top bunk. (Comp., p. 4). Unfortunately, Plaintiff does not provide his age or his specific disability. In addition, Plaintiff does not state whether he ever requested a lower bunk permit.

Nonetheless, Plaintiff says he was forced to remain in the top bunk after his injury even though there was an empty room nearby. Plaintiff claims he had to climb into the top bunk at least 15 times a day with a sore hip, knee, and broken arm.

Plaintiff further alleges there is a history at Rushville of requiring older or disabled residents to take the top bunk resulting in dangerous falls. Therefore, Plaintiff claims the Defendants have been deliberately indifferent to his health and safety.

Plaintiff requests damages, a safer way to access top bunks, and a transfer to a mental health facility due to his fear of retaliation.

Plaintiff's complaint only mentions the Defendants in the list of intended Defendants. (Comp, p. 2); *see Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Plaintiff makes one general reference to "defendants" in the body of his complaint, but Plaintiff does not explain how each individual was specifically involved in his claims.

In order to hold any individual liable pursuant to 42 U.S.C.§1983, Plaintiff must allege "the defendants were personally responsible for the deprivation of their rights." *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016). "A defendant is personally responsible 'if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent.'" *Id. quoting Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995).

In addition, an individual cannot be held liable simply because he or she is a supervisor. *See Ali v. West*, 2017 WL 176304, at *3 (E.D.Wis. Jan. 17, 2017)("[b]ecause personal involvement is required for liability to attach, the *respondeat superior* doctrine— supervisor liability—is not applicable to Section 1983 actions."); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* does not apply to § 1983 actions…").

Therefore, Plaintiff's complaint is insufficient to state a claim against any of the named Defendants. In addition, Plaintiff cannot include an unspecified number of Jane or John Doe Defendants without providing any additional information. Plaintiff may include a Doe Defendant if Plaintiff states how that individual was involved in his claim and he provides at least some description of that individual such as a physical description or job title and working hours.

Plaintiff's complaint is therefore dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure. The Court will allow Plaintiff an opportunity to file an amended complaint clarifying his claims. Plaintiff's amended complaint must stand complete on its own, must not make reference to the original complaint, and must include any intended claims and Defendants.

For any named Defendant, Plaintiff must specifically state how the individual was involved in his claims. In addition, if Plaintiff complained about his bunk bed assignment either before or after the fall, Plaintiff should state who he complained to, how he complained, when he complained, and what reaction he received. Plaintiff should further indicate whether he ever requested a low bunk permit, who he asked, and when he asked.

Plaintiff should also clarify whether he was diagnosed with a broken arm, and whether he asked any medical staff member for a low bunk permit. Plaintiff should again provide time frames for his request.

Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff files his amended complaint clarifying his claims. [5]. Plaintiff is also advised

any renewed motion for appointment of counsel must demonstrate Plaintiff made a reasonable attempt to find counsel on his own. *See Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007)(the indigent Plaintiff must demonstrate a reasonable attempt to obtain counsel). For instance, Plaintiff could include a list of attorneys contacted or copies of letters sent or received.

Plaintiff's motion requesting permission to ask more than 25 interrogatories is denied as moot. [6]. Plaintiff is admonished the Court would not allow additional interrogatories unless Plaintiff had already participated in discovery and demonstrated additional interrogatories were required.

IT IS THEREFORE ORDERED:

1) Plaintiff's initial complaint is dismissed as a violation of Rule 8 of the Federal Rules of Civil Procedure.

2) Plaintiff must file an amended complaint clarifying his claims in compliance with this order within 21 days or on or before January 3, 2020. If Plaintiff does not file an amended complaint on or before January 3, 2020 or ignores the Court's directions, his case will be dismissed.

3) Plaintiff's motion for appointment of counsel is denied with leave to renew after Plaintiff has clarified his claims. [5]. Plaintiff is reminded he must demonstrate he has made a reasonable attempt to find counsel on his own.

4) Plaintiff's motion asking for leave to take more than 25 interrogatories is denied as moot. [6].

5) The Clerk of the Court is directed to send Plaintiff a blank complaint form and reset the internal merit review deadline within 30 days of this order.

Entered this 11th day of December, 2019.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE