UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN LOY, ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | No. 19-4226 |
| ) | |
| GREGG SCOTT, et al., ) | |
|    Defendant ) | |

CASE MANAGEMENT ORDER

This cause is before the Court for consideration of Plaintiff's renewed motion for leave to proceed *in forma pauperis* [IFP] and motion for leave to filed a second amended complaint. [13, 14].

The *pro se* Plaintiff is detained in the Rushville Treatment and Detention Center. The Court dismissed Plaintiff's initial complaint and first amended complaint as violations of Rule 8 of the Federal Rules of Civil Procedure. *See* December 11, 2019 Merit Review Order; May 4, 2020 Case Management Order. While it appeared Plaintiff could state a Fourteenth Amendment claim based on his living conditions, Plaintiff failed to clearly state his claim and the involvement of the named Defendants. Rather than have the Plaintiff file a third complaint, the Court directed Plaintiff to provide answers to a few, specific questions in "an effort to better understand Plaintiff's intended claims." May 4, 2020 Case Management Order, p. 5.

Plaintiff has now provided his response which has been filed as a motion for leave to file a second amended complaint. [13]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [13].

1

Plaintiff is a 71-year-old resident whose complaint involves the need for a low bunk permit and the resulting fall from his top bunk. Plaintiff has previously identified various Defendants including Program Director Greg Scott, Grievance Examiner P. Vincent, Grievance Examiner Sandra Simpson, Program Administrator Sharon Coleman Weems, Secretary Grace B. Hou, and an unspecified number of John Doe Housing Committee Members.

The Court asked the following questions and Plaintiff provided the following answers:

1) Which arm was injured, when it was injured, and what problems did Plaintiff have as a result? Plaintiff says he broke he severely broke his left arm in a 1971 car accident.

2) What led to Plaintiff's fall on June 8, 2019 and what specific injuries did he suffer? Plaintiff says he work up early in the morning to use the urinal. Plaintiff says he is "not sure if arm gave out or his left foot slipped," but he fell from his top bunk. (Sec.Amd.Comp., p. 6). Plaintiff injured his arm, knee, hip, elbow, and head. Plaintiff says he had a seven-inch cut on his head and his arm still hurts.

3) Did Plaintiff have a low bunk permit at the time? If not, did Plaintiff ask any medical provider for a low bunk permit? If so, when did Plaintiff make his request and who did he speak with? Plaintiff says he never had a bottom bunk permit prior to his fall in June of 2019. However, about a year before, he saw Dr. Marcowitz due to problems with his arm and an x-ray was taken.

Plaintiff says he sent his second letter to the rooming committee explaining the problems with his arm, the difficultly he was having getting in and out of his top bunk, and the x-ray of his injury. In addition, Plaintiff talked to Dr. Marcowitz about the problem. No one took any action.

4) Did Plaintiff take any other specific steps to obtain a low bunk permit? In other words, did Plaintiff speak to anyone else or did anyone else know Plaintiff needed a low bunk permit due to his age and disability prior to his fall? When and who did Plaintiff inform or how did the individual know he was unsafe?

Plaintiff says he believed his only other option was to refuse housing, but he would have been moved to a segregation cell and lose his property. Plaintiff says he occasionally had problems getting in and out of his bunk because he had sharp pains in his arm and his hand would slip. In addition, there was no railing or safety bar for him to use.

5) Plaintiff says he filed several complaints with Defendants Scott, Vincent, Simpson, and Coleman after the fall. Did Plaintiff ever receive a low bunk assignment after June 8, 2019? If so, when was he reassigned?

Plaintiff says he did file several complaints, but the Defendants blamed him and told him to use "furniture that does not exist." (Sec.Amd.Comp., p. 8). Plaintiff says he finally received a bottom bunk assignment three weeks later, but during that time he had to climb into his bunk with "a sore knee, hip, head, and very sore left arm with a plate and five pins in one bone.." (Sec.Amd.Comp., p. 8). Plaintiff does not clarify, but

3

it appears the plate and pins were the result of his earlier car accident. In addition, Plaintiff claims there was a bottom bunk available in a nearby cell during this time.

The Court also asked if Plaintiff was alleging he received unconstitutional medical care and if so, what additional medical care was needed? Plaintiff did not respond to this question, but the Court notes Plaintiff did see medical providers after he fell on June 8, 2019.

Plaintiff says several Rushville residents have fallen due to the top bunk assignments and suffered serious injuries.

For purposes of notice pleading, Plaintiff "need only allege that 'defendant's conduct was objectively unreasonable'—in addition to alleging that the conditions of confinement were sufficiently serious." *Sibley v. Dart,* 2019 WL 8544391, at *3 (N.D.Ill. March 18, 2019), *quoting McWilliams v. Cook Cty.*, 2018 WL 3970145, at *5 (N.D. Ill. Aug. 20, 2018). "Under the objective reasonableness standard, a plaintiff must show that: (1) the official 'acted purposefully, knowingly, or perhaps even recklessly' when taking the actions at issue—negligence, or even gross negligence, will not suffice; and (2) that those actions were objectively unreasonable. *Johnson v. Schuyler County*, 2019 WL 2778084, at *3 (C.D.Ill. July 2, 2019), *quoting Miranda v. Cty. of Lake*, 900 F.3d 335, 352-53 (7th Cir. 2018). Plaintiff has adequately alleged a Fourteenth Amendment claim based on his living conditions.

Plaintiff has adequately alleged Dr. Marcowitz knew he needed a bottom bunk assignment due to his age and disability but took no action. Plaintiff has also alleged the housing committee was aware of the dangers he faced and took no action.

4

Plaintiff has also alleged Defendants Dr. Marcowitz, Scott, Vincent, Simpson, and Coleman violated his Fourteenth Amendment rights when failed to provide a low bunk permit for three weeks even though they knew the 71-year old was recently injured in a fall.

IT IS THEREFORE ORDERED:

1.  Pursuant to a review of the Second Amended Complaint, the Court finds that Plaintiff alleges: a) Defendants Dr. Marcowitz and John or Jane Doe Housing Committee Members violated his Fourteenth Amendment rights when failed to provide a low bunk permit prior to Plaintiff's fall despite his age and arm injury; and b) Defendants Dr. Marcowitz, Scott, Vincent, Simpson, and Coleman violated Plaintiff's Fourteenth Amendment rights when failed to provide a low bunk permit for three weeks after Plaintiff's fall.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.  This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer to the claims identified in this order. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

4. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5. Defendants shall file an answer to the claims outlined in this order within 60 days of the day the waiver of service is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

6. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant

to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7.     Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8.      Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.     If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiff's motion for leave to proceed in forma pauperis, [14]; 2) Grant Plaintiff's motion for leave to file a second amended complaint, [13]; 3) Add Defendant Dr. Marcowitz; 4) Dismiss Defendant Grace B. Hou for failure to state a claim upon which relief can be granted; 5) Attempt service on Defendants pursuant to the standard procedures; 6) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter**

**scheduling deadlines; and 7) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 13th day of October, 2020.

                                        s/ James E. Shadid
                             _____
                                    JAMES E. SHADID
                             UNITED STATES DISTRICT JUDGE